**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Alfred Edwin ROBERTSON,
Defendant–Appellant.**

**No. 16134.**

Missouri Court of Appeals,
Southern District.

Oct. 10, 1989.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 31, 1989.

**308**

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Anne Hall, Public Defender, Lisa VanSteenbergh, Springfield, for defendant-appellant.

MAUS, Judge.

A jury found the defendant, Alfred Edwin Robertson, guilty of the class C felony of sexual assault by having sexual intercourse with his stepdaughter, age 15, to whom he was not married. § 566.040. In accordance with the verdict, the defendant was sentenced to imprisonment for seven years. The defendant raises one point on appeal.

The defendant does not contest the sufficiency of the evidence. The basic facts were established by the testimony of the victim. She said she cared about the defendant and reluctantly testified as a witness for the state. The following is a summary of the facts sufficient to consider the point presented. The defendant was convicted of having committed such a sexual assault between January 1 and 15, 1987. The defendant married the mother of the stepdaughter in 1980. The three lived together approximately seven years. On occasion, the defendant's son and daughter lived with them. The defendant and his wife shared one bedroom and the stepdaughter had her own bedroom. The defendant, a few years after the marriage, installed locks on the stepdaughter's room. He began molesting the stepdaughter in 1980 at the age of nine, and later had sexual intercourse with her when she was 14. The defendant continued sexually abusing the stepdaughter through the first half of January 1987. The mother and stepdaughter both testified the defendant would spend three to six hours, almost every night, in the stepdaughter's room with the door locked.

The mother left the defendant in April 1987. After a short period, the stepdaughter moved in with her natural father. The defendant continued seeing his former stepdaughter. In June of 1987, the stepdaughter told her natural father the nature of her relationship with the defendant. He immediately contacted the authorities.

The issue on appeal concerns the testimony of the stepdaughter during direct examination. The following question was asked by the prosecuting attorney and answered by the stepdaughter.

"Q. (By Mrs. Rushefsky) Did Alfred ever say to you what he would do if you ever told any one about it?

A. No, he didn't say he'd hurt me in any way. He just said that if he ever got caught it'd be worth getting caught over."

The defendant objected, asked that the statement be stricken, and further moved for a mistrial. Defense counsel based her objection and request upon the failure of the state to disclose that statement of the defendant in response to a request for discovery. The court sustained the objection and instructed the jury to disregard the statement. The court denied the request for a mistrial. Defendant's sole point on appeal is the trial court erred in overruling defendant's motion for mistrial because the state failed to follow discovery Rule 25.03 in not disclosing the statement to the defense.

A request for discovery by the defendant under Rule 25.03 included the following.

"2. Any written or recorded statements and the substance of any oral statements made by the Defendant or by a Co–Defendant...."

The parties to this appeal have assumed that a statement by a defendant to a victim falls within the ambit of Rule 25.03. The case is decided upon the basis of that assumption. However, this opinion should not be construed as deciding that issue. See Annot., Discovery—Accused's Statement, 57 A.L.R.4th 827 (1987).

As stated, it is assumed that by not disclosing the statement made to the victim the state failed to make a required disclosure.

"The question remains, however, whether *the failure to disclose* resulted in fundamental unfairness or prejudice to defendant. *State v. Moten*, 542 S.W.2d 317, 320 (Mo.App.1976). When non-compliance with an applicable discovery rule is brought to the attention of the court, the trial court is given the discretion to 'order ... disclosure ..., grant a continuance, exclude such evidence or enter such other orders as it deems just under the circumstances.' Rule 25.45 (present Rule 25.16). The trial court is not required to apply the drastic remedy of a mistrial simply because the statement has not been produced."

*State v. Smothers*, 605 S.W.2d 128, 131 (Mo. banc 1980) (emphasis added). Also see *State v. Johnson*, 702 S.W.2d 65 (Mo. banc 1985); *State v. Royal*, 610 S.W.2d 946 (Mo. banc 1981).

The determination of the propriety of the trial court's exercise of its discretion must be determined in the light of all the evidence. The state's case was strong. The testimony of the stepdaughter concerning the surrounding circumstances was corroborated by her mother, father and stepmother. The defendant obviously knew his stepdaughter would be a witness. He testified and denied any sexual activity with the stepdaughter. He did not and has not suggested what he might have done differently had disclosure been made of the statement. The defendant's point is controlled by a paraphrase of *State v. Smothers*, supra, at 133:

"The trial court was in the best position to assess the prejudicial effect of the failure to disclose and to determine what remedy was necessary to alleviate any unfairness. Defendant has not shown that [the stepdaughter's] statement was of such a character as to raise a reasonable likelihood that its prior discovery would have affected the result of the trial."

Or, stated in other language:

"Our examination of the record reveals no fundamental unfairness or prejudice resulting from the State's failure to fully comply with Rule 25.03. We also conclude that had the undisclosed evidence been made available to defendant before trial the outcome of the case would remain unchanged."

*State v. Johnson*, 702 S.W.2d 65, 73 (Mo. banc 1985).

The judgment is affirmed.

FLANIGAN, P.J., and HOGAN, J., concur.